**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Tiffany Riggles, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-3715 |
| | ) | |
| G.L.A. Collection Company, Inc., a Kentucky corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Tiffany Riggles, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Tiffany Riggles ("Riggles"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for medical services.

4. Defendant, G.L.A. Collection Company, Inc. ("GLA"), is a Kentucky corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts. Defendant GLA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant GLA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant GLA is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant GLA conducts business in Indiana.

6. Defendant GLA is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Ms. Riggles fell behind on paying her bills, including a debt she allegedly owed for medical services to Northwest Radiology. Sometime after this debt went into default, it was placed with Defendant for collection, who began trying to collect upon it by sending Ms. Riggles a form collection letter, dated December 28, 2017. This letter stated:

* * *

> The balance due as of the date of this letter is stated above. Due to interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. For further information, please contact out office.

* * *

A copy of this collection letter is attached as Exhibit C.

8. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214

F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account. To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

9. In fact, interest was not, and had not been, accruing on Ms. Riggles' account.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368. Here, Defendant's actions would cause a consumer to be confused as to whether she was subject to additional interest/ charges, when she was not, in fact, subject to them. This would directly impact her decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15. By sending the collection letter threatening to impose additional interest, late charges and other charges when none would, or could, be imposed, Defendant violated § 1692e of the FDCPA.

16. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by threatening to impose additional "interest, late charges, and other charges", when none would, or could, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Tiffany Riggles, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Riggles and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Tiffany Riggles, demands trial by jury.

Tiffany Riggles,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 27, 2018

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com